# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

United States of America,

     Respondent,

          v.                          Case No.  1:11-cr-00139

Martin Ross,                       Judge Michael R. Barrett

     Petitioner.

## <u>ORDER</u>

This matter is before the Court on Petitioner's: (1) Motion to Vacate under 28 U.S.C. § 2255 (Doc. 60); and (2) Motion to Enlarge Time to File Memorandum in Support 2255 Petition, Request to Expand Record and Evidentiary Hearing (Doc. 62). The government filed a response to Defendant's § 2255 Motion (Doc. 65), raising statute of limitations and other arguments contra habeas relief.

## I.  BACKGROUND

The grand jury for the Southern District of Ohio returned a three-count indictment charging Petitioner with distribution and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and 2252(a)(4), respectively.  Petitioner moved to suppress evidence obtained as a result of a federal search warrant, as well as statements made. (Doc. 33; Doc. 34).  Prior to the government's deadline to oppose Petitioner's motions and before a hearing was scheduled, the Parties entered into a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  (Doc. 35).

On July 23, 2012, Petitioner entered a plea of guilty to Count 3 of the Indictment. (Doc. 35; Doc. 52).  On October 23, 2012, this Court formally accepted the Plea

Agreement and sentenced Petitioner to a term of imprisonment of 148 months, which was within the agreed range of 121-151 months. (Doc. 49; Doc. 53).

Petitioner filed a direct appeal. (Doc. 48). The judgment of the district court was affirmed by the Sixth Circuit on May 31, 2013. *United States v. Martin Nathan Ross,* Case No.: 12-4307, Order, May 31, 2013. The Mandate issued June 26, 2013. (Doc. 59). This Court docketed Petitioner's Section 2255 papers on September 15, 2014 (Doc. 60), as well as the Motion to Enlarge Time to File Memorandum in Support 2255 Petition, Request to Expand Record and Evidentiary Hearing (Doc. 62). On January 20, 2015, the undersigned denied the Motion to Enlarge (Doc. 62) "to the extent that it seeks an extension but [held the motion in abeyance] as to the request for an evidentiary hearing." (Doc. 63, PageID 256). Accordingly, the Court will address the evidentiary hearing *infra*.

## II. ANALYSIS

Petitioner seeks habeas relief on ineffective assistance of counsel and prosecutorial misconduct grounds. The Court will address each argument in turn, but will begin with the government's statute of limitations argument.

### a. Statute of Limitations

A one-year period of limitations applies to motions filed under Section 2255. 28 U.S.C. § 2255(f)(1). Generally, the one-year period runs from "the date on which the judgment of conviction becomes final[.]" *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 524 (2003). Where, as here, "a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction" "a judgment of conviction becomes final when the time expires for filing a petition for

certiorari contesting the appellate court's affirmation of the conviction." *Id.* at 525. In other words, "for federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Id.* at 532.

Here, the Sixth Circuit affirmed the District Court on May 31, 2013. Defendant did not file a petition for a writ of certiorari with the Supreme Court, but the time in which he could have filed a petition for a writ of certiorari expired on August 29, 2013, *i.e.*, 90-days from the Sixth Circuit's judgment. *See Clay*, 537 U.S. at 525, 532; *see also* 28 U.S.C. § 2101(c) ("Any other appeal or any writ of certiorari intended to bring any judgment or decree in a civil action, suit or proceeding before the Supreme Court for review shall be taken or applied for within ninety days after the entry of such judgment or decree."); U.S. SUP. CT. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.); U.S. SUP. CT. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."). Thus, Defendant had until August 29, 2014 to file a motion under Section 2255. 28 U.S.C. § 2255(f)(1); *see Clay*, 537 U.S. at 532. Here, Petitioner declared under penalty of perjury that he placed his petition into the prison mailing system on August 28, 2014. (Doc. 60, PageID 240). Therefore, the government's statute of limitations argument is not well taken.

b.  Petitioner's Grounds

In his plea agreement, Petitioner waived his right to appeal, except that the waiver did not bar claims of "ineffective assistance of counsel or prosecutorial misconduct." (Doc. 35, PageID 76). Now, Petitioner seeks habeas relief based upon ineffective assistance of counsel and prosecutorial misconduct. In light of the *Anders* brief that was filed in this matter, the Sixth Circuit has already passed on this issue: "A thorough review of the record reveals no basis for pursuing these claims at this time." (Doc. 58, PageID 219). Notwithstanding the Sixth Circuit's prior observation, Petitioner contends that both his counsel and the attorney for the government engaged in conduct entitling him to habeas relief, and that an expanded record (via his attorney's client file and an evidentiary hearing) will establish such entitlement.

i.  Ineffective Assistance

Claims of ineffective assistance of counsel are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, a criminal defendant must demonstrate both that his "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687-88, 694. However, as the Sixth Circuit has explained, this standard is adjusted for an ineffective assistance of counsel claim in the context of a guilty plea:

> In the context of guilty pleas, the first element, the "performance" aspect, of the *Strickland* test remains the same but the second element, the "prejudice" requirement,

changes. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

*Rose v. United States*, No. 1:09cr047, 2018 U.S. Dist. LEXIS 151559, at *12-13 (S.D. Ohio Sep. 6, 2018) (quoting *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987)).

Here, Petitioner argues that his plea counsel's purported conduct was objectively unreasonable. As summarized in a previous Order, Petitioner asserts sub-claims that counsel: "(1) … lied to Petitioner about the impact of the terms of the plea agreement, (2) advised him on the plea agreement without a thorough investigation of the facts, (3) failed to retain a forensic computer expert to determine if unlawful child pornography had been downloaded from his computer, and (4) failed to request an investigator to determine if one of his neighbors or visitors used the modem or router to download the illegal child pornography." (Doc. 63, PageID 252-53). Petitioner wishes to expand the record to support the above sub-claims, on the basis that he has requested plea counsel's file but has yet to receive it. However, the Court need not expand the record or conduct a hearing because: (1) even assuming without finding that plea counsel's conduct fell below an objective standard of reasonableness, Petitioner cannot meet the *Strickland* standard's prejudice requirement; (2) Petitioner's contentions are flatly contradicted by the record; or (3) both. *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007)(an evidentiary hearing is not required when the record conclusively shows that a habeas petitioner is not entitled to relief).

First, Petitioner is not entitled to habeas relief based on his conclusory sub-claim that plea counsel "lied" to Petitioner about the terms of the plea agreement. A prisoner

often "has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea." *Blackledge v. Allison*, 431 U.S. 63, 71-72, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Accordingly, a plea colloquy must be treated as a solemn event and "dispositions by guilty pleas are accorded a great measure of finality." *Id.* at 71. Because courts must be able to rely on a defendant's statements during a plea colloquy, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Francis v. United States*, No. 1:15-0010, 2015 U.S. Dist. LEXIS 125943, at *5 (M.D. Tenn. Sep. 21, 2015) (citing *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Here, the Court thoroughly addressed the terms of Petitioner's plea agreement during the plea colloquy, and Petitioner represented on the record that he understood the terms. (Doc. 52, PageID 143, 150-58). Accordingly, any purported misrepresentations by plea counsel were cured. *See Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004) ("[A]ssuming that [counsel] gave her incorrect information, the trial court remedied any misconception[.]"). Accordingly, Petitioner's first ineffective assistance sub-claim is not well taken.

The remainder of Petitioner's ineffective assistance sub-claims center around plea counsel's purported failure to conduct a thorough investigation before advising Petitioner to plead guilty to Count 3 (possession of child pornography in violation of 18 U.S.C. §2252(a)(4)). Petitioner specifically argues that, at a minimum, plea counsel should have hired an investigator and a forensic computer expert. According to Petitioner, an expert and/or investigator could have determined whether (for example) a "neighbor or visitor" used Petitioner's computer modem/router. Petitioner's

investigation-related arguments focus on counsel's purported failure to fully investigate the origins of the images residing on his computers and hard drives; however, Petitioner ignores the fact that loose media items were found in his bedroom, such as DVDs and other discs containing child pornography. (Doc. 52, PageID 161). The existence of other evidence establishing possession, such as standalone DVDs that that existed independently of Petitioner's modem/hard drive, undercut Petitioner's argument that he was prejudiced by his counsel's failure to obtain a forensic expert and/or investigator to determine whether (for example) his neighbors accessed pornography from his computer. *See. e.g., United States v. Abston*, 401 F. App'x 357, 366 (10th Cir. 2010); *Francis v. United States*, No. 1:15-0010, 2015 U.S. Dist. LEXIS 125943, at *5 (M.D. Tenn. Sep. 21, 2015). Petitioner's prejudice argument is also significantly undercut by the fact that his counsel negotiated a sentence well below the recommended range. Accordingly, even if the Court assumes without finding that counsel's alleged failures objectively fell below the standard of care, Petitioner has not sustained his prejudice burden by showing that the result would have been different. 466 U.S. at 696. Accordingly, sub-claims two through four are not well taken.

ii. Prosecutorial Misconduct

Initially, the Court will assume without finding that the prosecutorial misconduct claim is properly before the Court, *i.e.*, that it is not procedurally defaulted. Petitioner claims that the prosecutor engaged in misconduct by: (a) threatening to prosecute Petitioner's roommate if the Petitioner failed to enter a plea of guilty, and (b) baselessly claiming, at the sentencing, that Petitioner had traded child pornography. In order for a Petitioner to succeed under a claim of prosecutorial misconduct, the misconduct must

be "of sufficient significance to result in the denial of the defendant's right to a fair trial."
*Greer v. Miller*, 483 U.S. 756, 465 (1987).  The Court will address each sub-claim of prosecutorial misconduct in turn.

a.  Threatened Prosecution of Roommate

Assuming *arguendo* that the prosecutor threatened to prosecute Petitioner's roommate, such a threat does not automatically imply prosecutorial misconduct.  "The question of how far a prosecutor may legitimately go in plea negotiations is a subject for some debate."  *Edwards v. United States*, No. 2:13-CV-01068, 2014 U.S. Dist. LEXIS 104871, at *26, 27 (S.D. Ohio July 31, 2014).  However, plea negotiations are designed to permit prosecutors to "bargain" for a plea using, among other things, the leverage they possess to bring greater charges against a defendant.  *Id.*  The Supreme Court has endorsed give-and-take negotiation, and held, in *Bordenkircher v. Hayes*, 434 U.S. 357, 365, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978), that a "course of conduct engaged in by the prosecutor ... which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment." Furthermore, the Sixth Circuit has upheld pleas against assertions that they were secured by offers of lenient treatment toward third parties where the government had probable cause to prosecute the third party. *See Doe v. United States*, 85 F.3d 628, 1996 WL 250444 (6th Cir. 1996) (table decision) (no evidence prosecutor lied about defendant's father's situation to get defendant to enter plea); *United States v. Usher*, 703 F.2d 956, 958 (6th Cir. 1983) (finding totality of circumstances supported finding that defendant's plea was knowing and voluntary where prosecution would only agree to

a reduced sentence for defendant's wife if defendant pled guilty); *United States v. Martin*, 516 Fed. Appx. 433, 442-443 (6th Cir. 2013).

Even assuming that the government wholly lacked probable cause to prosecute the roommate, Petitioner offers only his own conclusory assertion that the prosecutor made such a threat, the bareness of which assertion arguably requires dismissal without an evidentiary hearing. *United States v. Goforth*, Nos. 1:04-cv-334, 1:03-cr-73, 2006 U.S. Dist. LEXIS 81594, at *48 (E.D. Tenn. Nov. 7, 2006) (rejecting without an evidentiary hearing petitioner's bare allegation that the government threatened to prosecute her children). *Accord*: *Tribble v. United States*, Nos. 1:05-cv-17, 1:01-cr-68, 1:02-cr-188, 2008 U.S. Dist. LEXIS 33582, at *29-30 (E.D. Tenn. Apr. 23, 2008). However, the allegation more unambiguously requires dismissal without an evidentiary hearing because it is squarely contradicted by the plea colloquy. *Edwards*, 2014 U.S. Dist. LEXIS 104871, at *27-28. Again, the plea colloquy must be treated as a solemn event. During the colloquy, Petitioner disavowed, under oath, that any force or duress was applied in order to secure his guilty plea. (Doc. 52, PageID 159). Accordingly, this sub-claim is without merit.

b. Prosecutor's Comments at Sentencing

Petitioner also alleges that the prosecutor baselessly claimed, at the sentencing, that Petitioner had traded child pornography. However, the government persuasively argues that, at sentencing, the prosecutor made reference to facts contained in the affidavit in support of search warrant. (Doc. 65-1) (detailing content of peer-to-peer files and shared directories associated with Petitioner's "olderswohioguy" account). Furthermore, the United States did not argue for a sentence outside the range agreed

by the Parties, which undercuts any prejudice to Petitioner. Accordingly, this sub-claim is without merit.

## III. CONCLUSION

Therefore, consistent with the above, the Motion to Vacate under 28 U.S.C. § 2255 (Doc. 60) is **DENIED**. For the reasons stated above, Petitioner is not entitled to an evidentiary hearing; thus, the pending portion of the Motion to Enlarge Time to File Memorandum in Support 2255 Petition, Request to Expand Record and Evidentiary Hearing (Doc. 62) is **DENIED**. Petitioner's habeas proceeding, 1:14-cv-737, is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED**.

_s/Michael R. Barrett_
Hon. Michael R. Barrett
United States District Judge